FIVE-TWO TAXI SERVICE, INC., et al. *v.* SIMMONS

No. 41842      May 8, 1961      129 So. 2d 401

*P. D. Greaves,* Gulfport; *Zimmerman, Richardson & Faggard,* Pascagoula, for appellants.

*W. E. Belt, Donald W. Cumbest,* Pascagoula, for appellee and cross-appellant.

**KYLE, J.**

The appellee A. B. Simmons recovered a judgment in the Circuit Court of Jackson County against the appellants, Five-Two Taxi Service, Incorporated, and John L. Fowler, for the sum of $12,000, as damages for personal injuries and property damage alleged to have been sustained by the appellee as a result of an automobile accident which occurred at the intersection of South Pascagoula Street and West Ingalls Avenue, in the City of Pascagoula, on August 24, 1959, when a 1959 Checker Cab, owned by Five-Two Taxi Service, Incorporated, and being driven by the appellant John L. Fowler, collided with the appellee's 1957 Ford automobile as it proceeded westwardly across the intersection. From that judgment the appellants have prosecuted this appeal, and the appellee has filed a cross-assignment of errors.

The record shows that the plaintiffs' declaration was filed on September 24, 1959, against the Yellow Cab Company of Gulfport, Mississippi, Incorporated, the Five-Two Taxi Service, Incorporated, and John L. Fowler, as defendants. The amount of damages sought to be recovered was $25,000, which included $1,000 as property damage to the plaintiff's automobile. The plaintiff alleged in his declaration that he was driving westwardly along Ingalls Avenue about 6:20 A.M., and that he approached the intersection at a rate of speed of about 20 miles per hour; that he saw that the overhead traffic light facing him at the intersection was green, and knowing that he had the green light he attempted to cross the inter-

section, and that, while he was crossing the intersection, the defendant Fowler, driving his vehicle southwardly along Pascagoula Street, negligently ran the red stop light facing him and entered the intersection and collided with the plaintiff's automobile as it crossed over the west traffic lane of the intersection, causing great damage to plaintiff's automobile and causing the plaintiff to suffer serious and permanent bodily injuries. The plaintiff further alleged that the defendant Fowler was the servant of the defendant corporations.

The defendant John L. Fowler in his answer denied the material allegations of the plaintiff's declaration, and incorporated in his answer a counterclaim for $25,000 as damages for personal injuries sustained by him as a result of the plaintiff's alleged negligence in driving his vehicle at an excessive rate of speed and ignoring a traffic light in front of him which was red when he entered the intersection. A separate answer was filed by the Yellow Cab Company and Five-Two Taxi Service, Incorporated, and the two defendants incorporated in their answer a counterclaim for $776.29 for property damage to the taxicab and $675 for loss of use of the taxicab for a period of 45 days.

The case was tried before a jury at the May 1960 term of the court. At the conclusion of the evidence offered on behalf of the plaintiff, the suit was dismissed as to the Yellow Cab Company. The trial then proceeded against the two remaining defendants, and at the conclusion of all of the evidence the jury returned a verdict for the plaintiff for the sum of $20,000. A judgment was entered against the Five-Two Taxi Service, Incorporated, and John L. Fowler in favor of the plaintiff for that amount. The defendants filed a motion for a new trial on the ground that the verdict was against the overwhelming weight of the evidence, and so excessive as to evince bias, prejudice and passion on the part of the jury. The court entered an order sustaining the motion

for a new trial on the amount of damages alone, unless the plaintiff filed a remittitur for $8,000, making the amount of the judgment $12,000, within ten days. The plaintiff, within the time allowed, filed a written notice that the sum of $12,000 would be accepted as a verdict in the case.

The appellants' attorneys have assigned and argued three points as grounds for reversal of the judgment of the lower court: (1) That the verdict of the jury was against the overwhelming weight of the evidence, particularly regarding the extent of the injuries and the amount of the damages awarded to the plaintiff; (2) that the verdict of the jury was so excessive as to evince bias, prejudice and passion on the part of the jury against the defendants; and (3) that the court erred in refusing to set the verdict aside and to grant the defendant a new trial. The appellee's attorneys in their cross-assignment of errors say that the trial judge erred in ordering the remittitur of $8,000.

██ █ We have carefully reviewed the testimony, which is conflicting, and in our opinion, there is ample evidence in the record to support the jury's finding of negligence on the part of the driver of the taxicab. We also think that the plaintiff was entitled to recover substantial damages for the injuries sustained by him as a result of the defendants' negligence. The medical testimony shows that the plaintiff sustained severe injuries to his shoulder which required hospitalization. He was treated by Dr. Weatherford, who finally referred him to Dr. Griffin Bland, an orthopedic surgeon of Gulfport, and Dr. Bland found that it was necessary to make an incision and to place two steel pins in his shoulder. The plaintiff suffered severe pain from his injuries and expended approximately $500 for doctors' bills and hospital expenses. The plaintiff was a first-class welder at the Ingalls Shipyards, and his loss of earnings amounted to approximately $1530. When he returned to work on

December 2, 1959, he worked as a tacker on the platten doing light work until April 18, 1960. His reduction in pay was $0.50 an hour. He was still complaining of pain at the time of the trial, and Dr. Weatherford testified that the plaintiff still suffered from some limitation of motion of the arm.

We think the lower court was justified in its finding that the verdict for $20,000 was excessive, and in directing that a new trial be granted unless the plaintiff accepted a remittitur of $8,000, thereby reducing the amount of the judgment to $12,000. The remittitur was accepted by the appellee, and the trial judge did not abuse his discretion in refusing to grant a new trial.

There is no merit in the appellee's cross-assignment of errors. The verdict of $20,000, in the opinion of the trial judge, was excessive, and the appellee accepted the remittitur rather than run the risk of a new trial. The appellee cannot complain here of a remittitur which he agreed to in the lower court. See Thomas, et al. v. Fleming, No. 41,787, opinion rendered April 17, 1961.

For the reasons stated above the judgment of the lower court in favor of the appellee for the sum of $12,000 is affirmed on direct appeal and on cross-appeal.

Affirmed on direct appeal and on cross-appeal.

*McGehee, C.J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.